UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC HENRI DAVID, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE CHIALA FARMS, INC, <br><br> Defendant. | Case No. 24-cv-04040-SI <br><br> **ORDER GRANTING PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT AND DENYING MOTION TO DISMISS SECOND AMENDED THIRD-PARTY COMPLAINT** <br><br> Re: Dkt. Nos. 98, 100 |

Now pending before the Court are the motion by Catharine David and Catharine David Consulting to dismiss the second amended third-party complaint and the motion by George Chiala Farms, Inc. ("GCF") to dismiss portions of Marc David's second amended complaint. Pursuant to Civil Local Rule 7-1(b), the Court found these motions suitable for resolution without oral argument and vacated the hearing.

**BACKGROUND**

**I.      Factual Background**

The Court largely repeats the background facts as stated in its Prior Order on the motions to dismiss. *See* Dkt. No. 89. Two works -- the George Chiala Farms logotype, and an image titled "Agricultural Field at Sunrise" -- are at the center of this copyright infringement dispute. Plaintiff Marc Henri David is an artist who says that he is the sole creator of the GCF logo, which all parties agree was created over twenty years ago and which GCF has used in various contexts over the years, continuing through the present. Dkt. No. 95 ("Marc David SAC") ¶¶ 11-14, 31. Mr. David states that he designed this logo "in his proprietary digital pointillism style." *Id.* ¶ 12. On May 24, 2021,

Mr. David filed a copyright application for the logo with the United States Copyright Office. *Id.* ¶ 21 & Ex. A.  Four days later, on May 27, 2021, general counsel for GCF, Jeff Nunes, filed a trademark registration application for the GCF logo and claimed that GCF was the owner of the mark. *Id.* ¶ 21 & Ex. E.  The image of the logo is reproduced below:



Mr. David states that in July 2012 he created an image titled "Agricultural Field at Sunrise." *Id.* ¶ 33.  In April 2024, Mr. David registered this image with the U.S. Copyright Office. *Id.* ¶ 34 & Ex. G.  The image of "Agricultural Field at Sunrise" is reproduced below:



According to the second amended complaint, "[i]n late 2000 – early 2001, George Chiala, Sr. asked Marc David and his partner Catharine to create print marketing materials for his company GCF." *Id.* ¶ 12.  In 2009, Ms. David began working under the name Catharine David Consulting and "became GCF's exclusive marketing team until November 2023." *Id.* ¶ 19.  During the course of their business relationship, there was no signed contract.  Dkt. No. 93 ("2d Am. Third-Party Compl.") ¶ 18.  In November 2023, GCF formed an internal marketing department and hired the

2

CEO's niece as the new Marketing Coordinator, though Ms. David continued to manage the GCF website.  Marc David SAC ¶ 24.

Mr. David also alleges that in April 2023 Ms. David, with Mr. David's permission, used the "Agricultural Field at Sunrise" image in a PowerPoint presentation that Ms. David created for George Chiala, Jr. to present to the ConAgra board of directors.  *Id.* ¶ 35.  He alleges that over the years he permitted Catharine to use the image "for projects that Catharine was working on for GCF, but only because Catharine was working on them" and that he never transferred ownership of the image to GCF.  *Id.*  He alleges that after GCF granted the Davids access to the GCF server in November 2023, Ms. David "discovered several instances of copyright infringement of the 'Agricultural Field at Sunrise' image[,]" where GCF used the image in other presentations without Mr. David's knowledge or consent.  *Id.* ¶ 36.

Mr. David alleges that, on January 18, 2024, Mr. David, Ms. David, and George Chiala, Jr. met to discuss the logotype's ownership but did not come to an agreement.  *Id.* ¶ 27.  On April 4, 2024, GCF sent Ms. David "a proposed 'Media Consultant Master Agreement' containing retroactive work-for-hire provisions and an assignment of all copyright and trademark rights to GCF."  *Id.* ¶ 29.  The Davids refused to sign.  *Id.*  According to the second amended complaint, on May 24, 2024, "GCF issued an ultimatum: sign the transfer agreement or terminate the business relationship."  *Id.*  On June 3, 2024, the Davids gave GCF "two weeks' notice that, unless a licensing or purchase agreement was reached, GCF must stop using the Davids' intellectual property by 17 June 2024."  *Id.* ¶ 30 & Ex. F.  Mr. David alleges that it was also in June 2024 that he discovered GCF's USPTO trademark registration for the logotype.  *Id.* ¶ 32.

Mr. David alleges that, as he is the sole owner of the logo and the "Agricultural Field at Sunrise" copyright, GCF is infringing on his copyrights by continuing to use these works in its marketing without any ownership or license and after he told them not to use the logotype beyond June 17, 2024.  GCF has brought counterclaims against Mr. David and third-party claims against Ms. David and Catharine David Consulting, essentially arguing that any copyright infringement, if it exists, was due to actions and/or omissions by Catharine David and her business in misleading GCF regarding ownership of the logo.  Dkt. Nos. 92, 93.

United States District Court
Northern District of California

## II.    Procedural Background

On July 3, 2024, Mr. David, who was self-represented at the time, filed this suit against GCF and Jeff Nunes (GCF's general counsel) for violation of the Copyright Act, 17 U.S.C. § 501.  Dkt. No. 1.  Defendants answered the complaint and filed counterclaims against Mr. David for declaratory relief.  Dkt. No. 21.  Defendants also filed a third-party complaint against Catharine David and Catharine David Consulting.  Dkt. No. 21-1.  Defendants later amended the third-party complaint.  *See* Dkt. No. 49.  In November 2024, Mr. David moved for a temporary restraining order, which the Court denied.  *See* Dkt. No. 45.

Upon Mr. David's request, the Court stayed the case for 90 days due to Mr. David's medical issues.  Dkt. Nos. 51, 54.  Once the stay was lifted, the Court granted the Davids' request to continue the initial case management conference while the Davids sought counsel.  Dkt. Nos. 58, 60.

Once counsel was retained, Mr. David moved to dismiss the three counterclaims against him and to strike the affirmative defenses.  Dkt. No. 70.  Catharine David and Catharine David Consulting moved to dismiss the amended third-party complaint.  Dkt. No. 71.  GCF moved to dismiss three of the four claims against it from Mr. David's first amended complaint and to strike the prayer for statutory damages and attorneys' fees.[1]  Dkt. No. 75.

On November 7, 2025, the Court ruled on the motions to dismiss.  Dkt. No. 89 ("Prior Order").  The Court granted Mr. David's motion to dismiss GCF's counterclaims for declaratory judgment of non-infringement and for declaratory judgment that Mr. David's alleged copyright in the logo is invalid and unenforceable.  The Court denied Mr. David's motion to dismiss the counterclaim for declaratory judgment of implied license.  The Court also granted Mr. David's motion to strike GCF's affirmative defenses from the answer, with leave to amend.  The Court granted CDC's motion to dismiss from the amended third-party complaint GCF's first cause of action for restitution and unjust enrichment, with leave to amend.[2]  The Court denied CDC's motion

---

[1] Defendant Jeff Nunes, general counsel for George Chiala Farms, also moved to dismiss the claims against him from Mr. David's FAC.  Dkt. No. 76.  After the matter was fully briefed, Mr. David voluntarily dismissed Mr. Nunes from this action.  Dkt. No. 85.

[2] References to "CDC" are to Catharine David and Catharine David Consulting, collectively.

4

United States District Court
Northern District of California

to dismiss the remaining causes of action. Also in its Prior Order, the Court granted GCF's motion to dismiss Mr. David's claim under California's Unfair Competition Law, with leave to amend.

On November 21, 2025, all parties amended their pleadings. Dkt. Nos. 92, 93, 95. Mr. David then filed an answer to GCF's amended counterclaims. Dkt. No. 99. CDC now moves to dismiss the second amended third-party complaint and GCF moves to dismiss the second and third causes of action from Mr. David's second amended complaint. Both motions are premised on Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether to grant a motion to dismiss, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in his favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### I.    CDC's Motion

Third-party defendants Catharine David and Catharine David Consulting move to dismiss George Chiala Farms' second amended third-party complaint, which brings the same seven causes of action that GCF asserted against CDC in the amended third-party complaint. *Compare* 2d Am.

5

Third-Party Compl. *with* Dkt. No. 49 ("Am. Third-Party Compl."). In its Prior Order, the Court granted CDC's motion to dismiss the first cause of action for unjust enrichment/restitution, with leave to amend, but denied CDC's motion to dismiss the remaining causes of action. Prior Order at 17-25, 28.

CDC now moves to dismiss all seven causes of action from the second amended third-party complaint, "on the grounds that newly available evidence . . . establishes that GCF had direct written notice from Marc David of his sole ownership of the GCF logo beginning in 2001" and that "[t]his undisputed documentary evidence defeats every claim GCF asserts against CDC as a matter of law." Dkt. No. 100 ("CDC Mot.") at ii. CDC cites to three exhibits attached to plaintiff Marc David's recently-filed second amended complaint. *See* Marc David SAC, Ex. B, C, D. One is a letter dated March 23, 2001, one is a photocopy of a compact disc, and one is a letter dated July 10, 2001. *See id.* According to CDC, these are letters in which Marc David "personally and directly informed George Chiala, Jr. in writing that . . . Marc David solely owned the logo[,]" among other things. CDC Mot. at 1.

The Court denies CDC's motion to dismiss because the evidence on which the motion is based is not undisputed and is not properly before the Court at this stage. In ruling on a motion to dismiss, the Court may generally consider matters properly subject to judicial notice or incorporated by reference in the complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court "may judicially notice a fact that is not subject to reasonable dispute because it: (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The incorporation-by-reference doctrine allows the Court to consider documents that were either "necessarily depended on" in the complaint or referenced in the complaint and not subject to reasonable dispute. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The Ninth Circuit has cautioned that "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results." *Id.* at 998.

Here, CDC incorrectly asserts that the very existence of the 2001 letters on the docket, as attachments to Mr. David's most recent complaint, make the letters properly before the Court under

the incorporation-by-reference doctrine. *See* CDC Mot. at 5-6. The incorporation-by-reference doctrine is inapplicable to the present context. That doctrine "treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006)). The operative complaint for purposes of CDC's motion to dismiss is GCF's second amended third-party complaint against CDC. *See Wada v. Aloha King, LLC*, 154 F. Supp. 3d 981, 1000 (D. Haw. 2015) ("In considering whether to dismiss a crossclaim, the Court must accept the allegations of the crossclaim as true, construe the pleadings in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor.") (citing *Indep. Living Ctr. of S. Cal. v. City of Los Angeles*, 973 F. Supp. 2d 1139, 1146 (C.D. Cal. 2013)). Nowhere does GCF's second amended third-party complaint refer to any letters from Marc David asserting his ownership over the logo. Rather, GCF alleges that George Chiala, Jr. hired the Davids "to work with him to create a logo[,]" that GCF began using the logo in all aspects of company branding around March 2000, and that "[t]here was never a discussion about licensing the GCF Logo and GCF believed that [it] had purchased all rights to the GCF Logo at the outset." 2d Am. 3d-Party Compl. ¶¶ 10, 16. What CDC now seeks to have "incorporated by reference" are a set of letters never referenced in GCF's third-party complaint and that contradict GCF's version of the facts.

Nor are the 2001 letters properly considered under the judicial notice doctrine. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). The letters that Marc David attaches to his recent complaint are anything but undisputed. CDC contends these letters prove that GCF knew since 2001 that Mr. David asserted his ownership over the GCF logo. The question of who owns the logo goes to the very heart of this litigation. CDC's assertions that the ownership of the logo are no longer in dispute, in the face of these "newly available" 2001 letters, fundamentally misapprehends the parties' litigation positions. *See* CDC Mot. at ii, 5, 15. CDC's argument in reply

United States District Court
Northern District of California

7

that GCF has "offer[ed] no affidavit, no declaration, and no evidence of any kind to support its supposed dispute" only underscores the disputed factual nature of CDC's motion. *See* Dkt. No. 105 ("CDC Reply") at 1.

Because the 2001 letters are not properly before this Court and because CDC's motion is premised on the disputed factual position that GCF knew of Marc David's ownership of the logo since 2001, the Court DENIES CDC's motion to dismiss the second amended third-party complaint.[3]

## II.    GCF's Motion

GCF moves to dismiss the second and third causes of action from Mr. David's second amended complaint. In the second amended complaint, Mr. David now brings a claim for conversion and has amended his claim for unlawful, fraudulent, and unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

### A.    Conversion

#### 1.    Failure to Move to Amend

Mr. David asserts that GCF unlawfully converted Mr. David's intellectual property ownership in the GCF logo when, in May 2021, GCF submitted a trademark application for the GCF logotype "falsely claiming that Defendant GEORGE CHIALA FARMS, INC. was the sole and rightful owner of the mark and its image." Marc David SAC ¶ 54.

As an initial matter, the Court agrees with GCF that the conversion claim should be dismissed because Mr. David added the claim without the Court's leave. Previously, the Court dismissed Mr. David's UCL claim, with leave to amend the UCL claim. Prior Order at 25-28. Now, with his second amended complaint, Mr. David has added an entirely new claim, for conversion.

The deadline for amendment of the pleadings was June 13, 2025. Dkt. No. 67. The Court

---

[3] Additionally, the Court agrees with GCF that it is improper for CDC to again move to dismiss six causes of action that the Court previously ruled were sufficiently pled. *See* Prior Order at 18-25, 28.

United States District Court
Northern District of California

set this deadline after having granted a 90-day stay of the case and multiple continuations of the initial case management conference, first due to Mr. David's medical needs and then while he sought counsel. *See* Dkt. No. 58. Mr. David then filed his first amended complaint—by the deadline for amendment and with the assistance of counsel—bringing claims for copyright infringement, fraudulent procurement of trademark registration, false designation of origin, and violation of the UCL. Dkt. No. 72. After GCF moved to dismiss all but the claim for copyright infringement, Mr. David voluntarily dismissed his claims for fraudulent procurement of trademark registration and false designation of origin. *See* Dkt. No. 85. The Court then granted GCF's motion to dismiss the UCL claim because the contours of that claim were not clear in light of Mr. David's dismissal of the underlying claims that formed the predicate for the UCL claim. Prior Order at 26-27. The Court granted Mr. David leave to amend the UCL claim but did not grant leave to amend other portions of his complaint. *See id.* at 27.

In opposing GCF's motion to dismiss, Mr. David argues that he "was not required to obtain leave to amend to add the conversion claim." Opp'n at 2. Mr. David cites the liberal amendment policy of Federal Rule of Civil Procedure 15. *See id.* Even setting aside Mr. David's misreading that Rule 15 does not require the Court's leave for amendment, the liberal amendment policy does not govern here, where the deadline to amend the pleadings was laid out in a scheduling order. In such instance, Rule 16 governs: "A schedule may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). Plaintiff calls these "procedural technicalities," Opp'n at 2, but they are more than that. As the Ninth Circuit has explained, "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610-11 (9th Cir. 1992) (internal quotation marks and citations omitted). This case has been pending for more than a year and a half, Mr. David has already amended his pleadings twice, and the deadline to amend the pleadings passed over six months ago. If Mr. David wanted to add an entirely new claim at this

United States District Court
Northern District of California

stage, he should have filed a motion to amend the complaint.[4]

### 2. Futility of Amendment

Even if plaintiff had properly sought leave to amend and had shown good cause for not bringing the conversion claim sooner, the Court would likely deny amendment as futile. *See Hurn v. Retirement Fund Tr. of Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (under Rule 15, "a motion for leave to amend is generally determined by reference to several factors[,]" including futility of amendment).

In California, "[t]o establish conversion, a plaintiff must show (1) his ownership of or right to possess the property at the time of the conversion, (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act, and (3) damages." *Bank of New York v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008) (citing *Messerall v. Fulwider*, 199 Cal. App. 3d 1324 (1988)). "A plaintiff in a conversion action must also prove that it did not consent to the defendant's exercise of dominion." *Id.* (citing *Farrington v. A. Teichert & Son, Inc.*, 59 Cal. App. 2d 468, 139 P.2d 80, 83 (1943)).

It remains unsettled "whether trademarks can be the objects of conversion in California law." *See English & Sons, Inc. v. Straw Hat Restaurants, Inc.*, 176 F. Supp. 3d 904, 921 (N.D. Cal. 2016) (noting "[t]he debate is not entirely closed"). Judges within this district have come out on opposite sides of the issue. In *Meeker v. Meeker*, No. C 02-00741 JSW, 2004 WL 2554452 (N.D. Cal. Nov. 10, 2004), the plaintiff argued that the defendant "fraudulently register[ed] the Meeker Vineyards mark with the USPTO . . . to prevent Plaintiff from exercising his rights as senior user to register the mark[.]" *Id.* at *4. Judge White "conclude[d] that a claim for conversion should not be extended to reach the intangible intellectual property rights in a trademark." *Id.* at *6. Judge White accordingly denied as futile the plaintiff's motion to amend the complaint to add a conversion claim. *Id.* By contrast, in *Straw Hat Restaurants*, Judge Beeler concluded that the "Straw Hat" trademark could be the object of conversion under California law. *See* 176 F. Supp. 3d at 923. The dispute in

---

[4] The Court has already admonished Mr. David's counsel once for failing to comply with the local rules. *See* Prior Order at 6.

that case revolved around who had the right to control the Straw Hat Pizza trademark after a restaurant chain dissolved its cooperative ownership model, with some members converting their restaurants into franchises and others attempting to maintain the cooperative. Both *Meeker* and *Straw Hat Restaurants* looked to the Ninth Circuit's decision in *Kremen v. Cohen*, where the Ninth Circuit found that an internet domain name could be the object of conversion under California law. *See* 337 F.3d 1024, 1030 (9th Cir. 2003). The *Kremen* court likened registering a domain name to "staking a claim to a plot of land at the title office" and found the plaintiff "had an intangible property right to his domain name[.]" *Id.*

This Court need not conclusively determine whether a trademark may ever be the subject of a conversion claim under California law. Under the facts as Mr. David alleges here, this case is nearly identical to what the plaintiff argued in *Meeker*, where Judge White rejected an attempt to add a conversion claim by a plaintiff who never alleged that he owned the trademark, who did not allege that the defendant "wrongfully 'wrested' a registered trademark from him[,]" and who did not allege that he had been prevented from using the trademark. *See Meeker*, 2004 WL 2554452, at *6. As GCF notes, Mr. David does not allege that he is the rightful owner of the GCF trademark, and Mr. David has dropped his claim for fraudulent procurement of trademark registration. This Court will follow Judge White's reasoning in *Meeker* that, "[e]ven if the law of conversion would be extended to reach trademarks, . . . the facts of this case would not support such a claim." *See* 2004 WL 2554452, at *6.

The Court GRANTS GCF's motion to dismiss the conversion claim from Mr. David's second amended complaint, with prejudice.

### B.    UCL Claim

As noted above, following the prior round of motions to dismiss, Mr. David voluntarily dismissed his claims for fraudulent procurement of trademark designation and false designation of origin. *See* Dkt. No. 85 at 2. The Court then dismissed the UCL claim, with leave to amend, explaining, "With Mr. David having now dismissed his claims for fraudulent trademark procurement and false designation of origin, it is not clear whether his theories under the UCL are

11

still viable." Prior Order at 26. The Court also cautioned, "To the extent that Mr. David bases his UCL claim on a violation of his alleged copyright in the works, such claim may be precluded under the Copyright Act." *Id.* (citing *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998)).

Mr. David has now amended his UCL claim, alleging that GCF has violated the UCL in two ways. He alleges a violation by GCF's "unlawful conversion of Plaintiff's property" in its application for trademark registration for the logo. Marc David SAC ¶ 68. Additionally, he alleges that GCF "engaged in unfair, deceptive, and coercive business practices in April 2024 by presenting Plaintiff's collaborator, Catharine David, with a 'Media Consultant Master Agreement,' which falsely purported to transfer the David's [sic] copyright and trademark ownership interests without compensation." *Id.* ¶ 69.

The UCL "prohibits any 'unlawful, unfair or fraudulent business act or practice.'" *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) (citation omitted). Under the "unlawful" prong, the UCL "'borrows' violations of other laws and treats these violations . . . as unlawful practices independently actionable under section 17200 et seq. . . ." *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992).

Because the Court has dismissed the underlying conversion claim, it follows that the conversion claim cannot form the basis for Mr. David's claim under the unlawful prong of the UCL. *See Dang v. Samsung Elecs. Co., Ltd.*, No. 14-cv-00530-LHK, 2018 WL 11348883, at *7 (N.D. Cal. July 2, 2018) ("Plaintiff's UCL unlawful prong claim therefore fails because the Court has dismissed the underlying violation") (citations omitted).

Although Mr. David's UCL claim mentions fraud only in passing, *see* Marc David SAC ¶ 70, his opposition brief makes clear that he also intends to bring a UCL claim under the fraudulent prong. *See* Dkt. No. 103 ("Marc David Opp'n") at 21-22. However, the allegations do not support a claim of fraud, particularly under the heightened pleading standards imposed by Federal Rule of Civil Procedure Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state

United States District Court
Northern District of California

12

with particularity the circumstances constituting fraud or mistake.").  The complaint alleges that in April 2024 GCF presented Catharine David with a retroactive agreement "which falsely purported to transfer the David's [sic] copyright and trademark ownership interests without compensation" and that the Davids refused.  Marc David SAC ¶¶ 29, 69.  There is no fraudulent conduct alleged here.  Mr. David does not allege that GCF made false representations or tried to coerce the Davids into signing through some fraudulent act.  At most, taking Mr. David's allegations as true, the complaint alleges that GCF presented an agreement that would transfer Mr. David's rights in the logo and trademark from Mr. David to GCF and that the Davids refused to sign.  This is wholly insufficient to sustain a fraud claim.

Finally, the Court finds Mr. David has failed to state a violation under the unfair prong of the UCL.  Plaintiff urges the Court not to apply the unfairness test articulated in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999), which articulated the test "[w]hen a plaintiff . . . claims to have suffered injury from a direct competitor's 'unfair' act or practice[.]"  Marc David Opp'n at 22-23.  Instead, plaintiff asks the Court to apply the balancing test from *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999)).  *Id.* at 23.  There, the California Court of Appeal explained that "an 'unfair' business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  *S. Bay Chevrolet*, 72 Cal. App. 4th at 886-87.  Even applying this test, the Court finds Mr. David's allegation that GCF engaged in an unfair business practice when it presented Catharine David with a retroactive work-for-hire agreement fails.  Based on Mr. David's own version of the events, Catharine refused to sign the agreement.  Moreover, Mr. David does not allege that GCF violated any employment or other contract by refusing to give Catharine work going forward.  Indeed, his complaint alleges that about five months earlier, in November 2023, GCF formed an internal marketing department, hired a new Marketing Coordinator, and reallocated Catharine's previous marketing responsibilities, leaving Catharine only with management of GCF's website.  Marc David SAC ¶ 24.  These facts do not plausibly state a claim that GCF engaged in an unfair business practice when it presented the April 2024 agreement to Catharine David.

The Court GRANTS GCF's motion to dismiss the UCL claim from Mr. David's second amended complaint. Because Mr. David has already had the opportunity to amend this claim, dismissal is without further leave to amend.

**CONCLUSION**

The Court DENIES CDC's motion to dismiss the second amended third-party complaint (Dkt. No. 100). The Court GRANTS GCF's motion to dismiss the conversion and UCL claims from Mr. David's second amended complaint, without further leave to amend (Dkt. No. 98).

**IT IS SO ORDERED**.

Dated: February 3, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

14